151 So. 630

**LECLERE v. JACOBS et al.**

No. 31862.

Nov. 27, 1933.

Ed J. DeVerges, of New Orleans, for plaintiff appellee.

BRUNOT, Justice.

S. L. Jacobs, one of the defendants, was a licensed real estate agent. He had complied with section 16, Act No. 236 of 1920, and the Union Indemnity Company had executed a bond, in favor of the state of Louisiana, for $10,000, as his surety.

Acting in his capacity of real estate agent, Jacobs secured a proposal from the plaintiff and an acceptance thereof by H. M. Johnson, the owner, for the purchase and sale of certain property particularly described in the contract. The purchase price of the property was $6,000. Of this sum the plaintiff alleges that he paid Jacobs $2,500 in cash, and arranged with the Third District Building Association to finance the remaining balance of the purchase price. At the time fixed for the transfer of title and the payment of the price, Jacobs failed to appear, and, after vain efforts to obtain his presence at the notary's office with the $2,500 alleged to have been paid to him as part of the purchase price of the property, this suit was filed. The prayer of the petition is for judgment against Jacobs and the Union Indemnity Company, in solido, for $2,500, with legal interest thereon from judicial demand until paid and for the costs of the suit. The plaintiff also prays for judg-

ment against H. M. Johnson annulling the contract of purchase and sale made by them.

Jacobs and Johnson did not answer the suit, but the Union Indemnity Company filed an original and supplemental answer thereto. In its original answer, the Union Indemnity Company admits that Jacobs is a real estate agent, and that it is his surety, as such, on a bond executed in favor of the state, but for lack of sufficient information it denies all other allegations in the petition.

Thereafter a default was entered and confirmed against Jacobs, and judgment was rendered against him for the sum, interest, and costs, as prayed for in the petition. Two days after this judgment was rendered, Jacobs filed a motion for a new trial. It is alleged in the motion that Jacobs was informed by his attorney that the plaintiff's attorney had granted him an extension of five days within which time to file his answer to the suit; that he was not indebted to the plaintiff in any amount whatever; and that the sale was not consummated because of the inability of the plaintiff to complete his part of the contract. This motion was heard and overruled, and the judgment previously rendered was read and signed. One month later the Union Indemnity Company filed a supplemental and amended answer, in which it alleges that $1,900 of the sum claimed by the plaintiff was a loan made to S. L. Jacobs, in his individual capacity, by the plaintiff's

wife; and that the remaining $600 of the sum sued for was paid to Jacobs by the plaintiff in connection with a former sale of real estate.

The case was tried on the issues presented by the Union Indemnity Company's original and supplemental answer, and the same judgment as to the sum, interest, and costs was rendered in favor of the plaintiff and against the Union Indemnity Company as was rendered in favor of the plaintiff and against S. L. Jacobs. The Union Indemnity Company was granted the usual order and perfected a suspensive appeal from the judgment.

The plaintiff has answered the appeal and prays that the appellant be taxed with 10 per cent. of the amount of the judgment, the penalty authorized by article 907, Code Prac., for a frivolous appeal.

We have carefully read the entire record, and we find that, by a fair preponderance, the testimony supports the allegations of the petition and the judgment appealed from; but we also find sufficient conflict in the testimony, especially with reference to the $1,900 referred to in the Union Indemnity Company's supplemental answer, and in Mr. A. B. Murray's testimony (Trans. pp. 60, 61), to form a reasonable basis for the appeal in this case. Therefore, the prayer of appellee's answer to the appeal is denied, and the judgment appealed from is affirmed, at appellant's cost.